OPINION
Defendant-appellant William Haun appeals the decision of the Carroll County Court which granted judgment for plaintiff-appellee Jason Travis Alazaus in the amount of $2,020. For the following reasons, the trial court's judgment is affirmed.
Appellant hired appellee to renovate his house. According to appellee's calculations, appellant owed him money. Thus, on April 7, 2000, appellee filed a small claims complaint against appellant. The case was tried to the court on May 3, 2000. Appellee testified and submitted a copy of an invoice showing that appellant only paid $5,009 towards a $7,030 bill. (Tr. 1). In his defense, appellant testified that he believed that the hourly rate was $18.50 and that appellee instead billed him at an hourly rate of $30. (Tr. 4). Appellee countered that his personal hourly rate was $18.50 but that at one point he had two employees performing the work, each with an hourly rate of $15 which explains the $30 hourly rate that was billed. (Tr. 10).
Appellant then seemed to present some counterclaims. For instance, he complained that nail holes in the trim were not filled. (Tr. 7). He also alleged that some ceiling tiles were damaged by rain after a tarp was blown open by wind. (Tr. 6). Appellant presented photographs purporting to show that some trim was crooked. (Tr. 8). Additionally, appellant testified that the patio door needed adjusted and that a screen was missing. (Tr. 5-6).
Appellee countered that it is not common practice to fill nail holes in the trim that are as small as the ones in question. (Tr. 11). He testified that some ceiling tiles were rotten as a result of the house being flat-roofed. (Tr. 10). Appellee contended that any inconsistency viewed in the photograph was the result of the angle at which the picture was taken. (Tr. 9).
On May 8, 2000, the court entered judgment for appellee in the amount of $2,020. However, the judgment entry also ordered appellee to fix the patio door and install the missing screen. Appellant filed timely notice of appeal.
Appellant's sole pro se assignment of error provides as follows:
 "THE TRIAL COURT UNLAWFULLY GRANTED JUDGMENT FOR PLAINTIFF APPELLE[E] FOR $2,020.00 BECAUSE THE PLAINTIFF APPELLE[E] FAILED TO PROVE HIS ALLEGATIONS BY EITHER A PREPONDERANCE OF THE EVIDENCE OR CLEAR AND CONVINCING EVIDENCE."
Appellant claims that if the evidence in a case consists solely of contradictory testimony of the plaintiff and the defendant and the court fails to specifically find that the testimony of the defendant lacks credibility, then the plaintiff has failed to prove his case. Appellant's argument consists of a mere five sentences and contains no citations to the record or to case law.
First, we must point out to appellant that the burden of proof in an ordinary civil case is preponderance of the evidence. Preponderance of the evidence "is evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not * * * or evidence which is more credible and convincing to the mind." Black's Law Dictionary (6th Ed. Abr. 1991) 819.
Second, we must note that the court is not required to issue findings of fact unless a party so requests in a timely manner. Civ.R. 52. Hence, the court was not required to make a specific finding that appellant's testimony was less credible than appellee's testimony.
Next, appellant should be aware that many of his allegations at the hearing were basically counterclaims that he presented without complying with R.C. 1925.02(C). This section states that a defendant in a small claims case must file counterclaims and serve them on the plaintiff seven days prior to trial. Appellant failed to engage in either requirement. As such, appellee had no notice of appellant's claims.
Finally, it is the province of the trier of fact to weigh the credibility of the witnesses. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Here, the trial court was in the best position to view the witnesses and observe their demeanor, gestures and voice inflections. By entering judgment for appellee, it is apparent that the trial court found appellee to be a more credible witness.
In cases such as this one where the evidence is susceptible of more than one construction, the reviewing court is bound to give the evidence the interpretation which is consistent with the trial court's decision. See Myers v. Garson (1993), 66 Ohio St.3d 610, 614;[1] Seasons Coal,10 Ohio St. 3d at 83. Therefore, we shall not substitute our judgment for that of trial court on the issue of credibility. Because the trial court's judgment was supported by some competent and credible evidence, appellant's sole assignment of error must be overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DONOFRIO, J., concurs, WAITE, J., concurs.
[1] In Myers, the Supreme Court warned litigants that "different persons can arrive at different conclusions in a case based on the same evidence. * * * [This] unquestionably underscores the proposition that parties to an agreement should protect their interests by reducing all of their understandings to writing. So-called `gentlemen's agreements' not totally put in writing can become shaded or altered in the minds of the contracting parties over time, when changed circumstances and/or faulty memories [exist.] * * * [T]he legal system cannot guarantee that the `true' understanding of each of the parties is the one that ultimately becomes the agreement to which they are legally bound." Myers,66 Ohio St.3d at 616.